IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID L. BUESS, et al., | ) | CASE NO. 3:13 CV 1137 |
| | ) | |
| Plaintiffs | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| PAUL PISCITELLI, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 21, 2013, plaintiff *pro se* David L. Buess filed this *in forma pauperis* action against Paul Piscitelli, Andrew M. Cuomo, Suffolk County, John Kasick, County of Richland, and Hancock County Commissioners. The complaint, which is entitled "Civil Action in Common Law with Criminal Intent," is purported to be filed on behalf of Winona Mae Palmiotti, who it is alleged was removed from her parents' custody in 1977.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

1

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

The complaint does not contain an understandable set of allegations, nor does it set forth a coherent legal theory. Thus, even construing the allegations liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), he does not state a valid claim against these defendants. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/Jeffrey J. Helmick
UNITED STATES DISTRICT JUDGE